UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| EARNEST EARL SHELLHOUSE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00135-JMS-MJD |
| | ) | |
| MATTIS, Secretary of the Army, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Earnest Earl Shellhouse's complaint against the Secretary of Defense ("the Secretary") claims that he was improperly denied a promotion because the interviewers "lowballed" his interview scores in order to promote "their favorite" candidates, who Mr. Shellhouse alleges were unqualified.[1] [*Shellhouse II*, Filing No. 1.] The Secretary now moves to dismiss Mr. Shellhouse's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing, among other things, that the doctrine of res judicata bars this lawsuit because Mr. Shellhouse previously litigated these claims in another lawsuit. [*Shellhouse II*, Filing No. 14.] For the following reasons, the Court **GRANTS** the Secretary's Motion to Dismiss.

## I.
### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim that does not state a right to relief. The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S.

---

[1] Throughout this opinion, the Court refers and cites to Mr. Shellhouse's first case, No. 2:13-cv-00086-JMS-WGH, as "*Shellhouse I*." The Court refers to this case as "*Shellhouse II*."

544, 555 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The Court may not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II.
### BACKGROUND

The following facts are drawn from Mr. Shellhouse's pleadings in this case and in his earlier-filed case, which are accepted as true for the purpose of deciding the Secretary's Motion to Dismiss.

**A.** *Shellhouse I* **Complaint**

Prior to filing the present case, Mr. Shellhouse, a civilian employee of Crane Army Ammunition Activity, filed a complaint in 2013 against Secretary of the Army John McHugh, alleging that he was improperly denied a promotion as a result of gender discrimination. [*Shellhouse I*, Filing No. 6.] Mr. Shellhouse's 2013 amended complaint alleged that his March 28, 2012 interview for a "WG-8 promotion" involved interviewers who had a conflict of interest and unfairly scored Mr. Shellhouse's interview, ultimately denying Mr. Shellhouse the promotion in favor of two unqualified applicants. [*Shellhouse I*, Filing No. 6 at 2.] On January 30, 2014, the

2

Court granted defendant's motion for summary judgment because Mr. Shellhouse failed to exhaust his administrative remedies when he did not contact an EEO counselor within 45 days of the alleged discriminatory conduct, as required by 29 C.F.R. § 1614.105. [*Shellhouse I*, Filing No. 29 at 11.]

### B. *Shellhouse II* Complaint in this Lawsuit

On March 16, 2018, Mr. Shellhouse filed a Complaint alleging "promotion fraud" against Secretary of Defense James N. Mattis (alleged in his complaint as "Secretary of the Army"). [*Shellhouse II*, Filing No. 1.] Mr. Shellhouse's Complaint is again based upon his March 28, 2012 interview for a WG-8 promotion. [*Shellhouse II*, Filing No. 1 at 2.] Mr. Shellhouse alleges that his interviewers purposely gave him low scores so that the interviewers' "favorite," less qualified employees would instead receive the promotion. [*Shellhouse II*, Filing No. 1 at 3.]

On June 28, 2018, the Secretary filed his Motion to Dismiss. [*Shellhouse II*, Filing No. 14.] In light of Mr. Shellhouse's failure to respond, the Secretary's Motion is ripe for the Court's decision.

### III.
### DISCUSSION

The Secretary argues that Mr. Shellhouse's lawsuit must be dismissed because he filed a nearly-identical lawsuit five years prior to filing this lawsuit, which ended in summary judgment in favor of then-Secretary of the Army John McHugh. [2] [*Shellhouse II*, Filing No. 14.] Mr. Shellhouse did not respond to the Secretary's motion to dismiss before the deadline on July 12, 2018 and to-date has not filed a response to the Secretary's Motion.

---

[2] Because the Court concludes that res judicata bars the relitigation of Mr. Shellhouse's claims, the Court does not address the Secretary's other arguments in support of dismissal.

3

The doctrine of res judicata precludes the same parties from re-litigating claims already decided on the merits in a prior action. *Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658 (7th Cir. 2001). Res judicata extends to those claims that could have been raised in the prior action, but were not. *Ross ex. rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007). To prevail, the party asserting res judicata must establish (1) identity of the claims, (2) identity of the parties or their privies, and (3) a final judgment on the merits. *Id.* "The fact that the suits [may] differ in some respects . . . is not enough to defeat a finding" that a subsequent suit is barred by res judicata. *Id.*

First, the party invoking res judicata must establish that the new case seeks to litigate identical claims from the previous case. Two claims are treated as identical for the purposes of res judicata if they arose out of the same transaction; that is, if they are based on the same, or nearly the same, factual allegations. *Id.* (citing *Herrmann v. Cencom Cable Associates, Inc.*, 999 F.2d 223, 226 (7th Cir. 1993)). This determination requires a factual inquiry, meaning that two claims based on different legal theories are still treated as one if they are based on the same factual allegations. *Herrmann*, 999 F.2d at 226.

The two complaints are based upon the same allegations that Mr. Shellhouse was improperly denied a promotion by the Department of Defense after a faulty interview process that occurred on March 28, 2012. In both complaints, Mr. Shellhouse alleged that he received unfairly low scores because the interviewers were biased in favor of other, less qualified candidates. The Secretary has demonstrated that the claims in this case share an identity with the claims brought in *Shellhouse I*.

Second, the Secretary must establish identity of parties or their privies. Establishing identity of parties, or parties in privity, requires an inquiry into whether the parties have a

4

"sufficiently close identity of interests." *Tice v. American Airlines, Inc.*, 162 F. 3d 966, 971 (7th Cir. 1998). Under this inquiry, lawsuits against employees in their official capacities are tantamount to lawsuits against the government entity for which they work, so privity exists between government entities and their employees for the purposes of res judicata. *See Gray v. Lacke*, 885 F.2d 399, 405 (7th Cir. 1989).

Both complaints in *Shellhouse I* and *Shellhouse II* were filed by Mr. Shellhouse. In *Shellhouse I*, Mr. Shellhouse named John M. McHugh, in his official capacity as Secretary of the Army, as the defendant. [*Shellhouse I*, Filing No. 6 at 1.] In this complaint in *Shellhouse II*, Mr. Shellhouse names James N. Mattis, in his official capacity as Secretary of Defense, as the defendant. [*Shellhouse II*, Filing No. 1 at 1.] In both suits, Mr. Shellhouse brings claims against officials of the Department of Defense. The Secretary has established that privity exists between the Department of Defense and its officials, such that there is an identity of parties for purposes of res judicata.

Finally, the Secretary must establish that the first matter ended in a final judgment. A final judgment on the merits is a judgment "based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction, or form." *Harper Plastics, Inc. v. Amoco Chemicals Corp.*, 657 F.2d 939, 943 (7th Cir. 1981) (quoting *Fairmont Aluminum Co. v. Comm'r*, 222 F.2d 622, 625 (4th Cir. 1955)). In *Shellhouse I*, this Court issued a decision granting summary judgment in favor of the defendant based on Mr. Shellhouse's failure to exhaust his administrative remedies. [*Shellhouse I*, Filing No. 29 at 11.] Ordinarily, the failure to exhaust administrative remedies results in dismissal without prejudice. *See, e.g.*, *Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009). This is not the case, however, when "it is too late . . . to obtain administrative consideration" at the time of the dismissal. *McGuinness v. U.S. Postal Serv.*, 744 F.2d 1318, 1321 (7th Cir. 1984); *see*

5

*Teal*, 559 F.3d at 693 (citing *McGuinness*). In such circumstances, the exhaustion deadline "is construed as a statute of limitations." *Smith v. Potter*, 445 F.3d 1000, 1006 n.14 (7th Cir. 2006) (quoting *Johnson v. Runyon*, 47 F.3d 911, 917 (7th Cir. 1995)), *overruled in part on other grounds by Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013)). As the Seventh Circuit has explained, "A decision by a federal court that a statute of limitations or an administrative deadline bars an action is a decision on the merits for purposes of claim preclusion." *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996).

In *Shellhouse I*, the Court granted the Secretary of Defense's motion for summary judgment because Mr. Shellhouse failed to exhaust his administrative remedies within the 45-day period provided by the regulations. [*Shellhouse I*, Filing No. 29 at 10 ("Shellhouse, in his Response, admits that he failed to comply with the 45-day requirement imposed upon federal employees to contact an EEO counselor.")]; *see* 29 C.F.R. § 1614.105(a). The Court ruled, in other words, that Mr. Shellhouse had not exhausted his administrative remedies and in fact could no longer do so because the deadline had expired. Under those circumstances, the Court's decision granting summary judgment is a final judgment on the merits for the purposes of res judicata.

Because the Secretary has established that Mr. Shellhouse previously litigated identical claims against an identical party in a case that ended in a final judgment, the Secretary has established that Mr. Shellhouse's complaint in this case is barred by the doctrine of res judicata. The Secretary is entitled to judgment as a matter of law under Federal Rule of Civil Procedure 12(b)(6), and the Court therefore **GRANTS** the Secretary's Motion to Dismiss. [*Shellhouse II*, Filing No. 14.]

# IV.
## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Secretary's Motion to Dismiss. [13] Final judgment will issue accordingly.

Date: 10/24/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

EARNEST EARL SHELLHOUSE
5930 N. Golfcourse Rd.
Bicknell, IN 47512

Jackson Taylor Kirklin
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
tkirklin@usa.doj.gov